UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAUREN F. MOORE,<br><br>        Plaintiff,<br><br>  v.<br><br>JOHNSON & JOHNSON, VANESSA BROADHURST, and HOWARD REID,<br><br>        Defendants. | No. 24-cv-6405 (DEH)<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND** [[PROPOSED]] **PROTECTIVE ORDER** |

DALE E. HO, United States District Judge:

  WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of proprietary business information, trade secrets, or other non-public information that is competitively, personally, or otherwise sensitive that they may need to disclose in connection with discovery in this action;

  WHEREAS, the Parties, through counsel, agree to the following terms; and

  WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

  IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, subsidiaries, affiliates, successors, and assigns), their representatives, agents, experts and consultants, all third-parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate any document or information as confidential if it or its counsel determines, in good faith, that such designation is necessary to protect the interests of the Producing Party in information that is proprietary, a trade secret, or otherwise sensitive non-public information.

3. The Producing Party or its counsel may designate any Discovery Material, other than deposition exhibits or deposition transcripts (addressed separately below), as "Confidential" by: (a) stamping or otherwise clearly marking the protected document or material as "Confidential" in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated

transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

       5.       If at any time before the trial of this action a Producing Party realizes that it should have designated as "Confidential" some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

       6.       Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

       7.       Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

      (a)    the Parties to this action, their insurers, and counsel to their insurers;

      (b)    in-house counsel for the Party and counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

      (c)    outside vendors or service providers (such as copy-service providers and document-management consultants or e-discovery firms) that counsel hire and assign to this matter;

      (d)    any mediator or arbitrator that the Parties engage in this matter or that

this Court appoints;

(e)  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)  any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action;

(g)  any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action;

(h)  stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)  this Court, including any appellate court, its support personnel, and court reporters.

8.  Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(c), 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person and confirm that the person will agree to its provisions.

9.  Any party seeking to file with the Court any Confidential Discovery Material in redacted form or under seal shall do so in accordance with this Court's Individual Rules and Practices in Civil Cases.

10.  No document or information comprising or containing Confidential Discovery Material shall be filed with this Court until the party who designated the same as "Confidential" is given sufficient opportunity, on at least seven days' written notice, to file a motion or letter-motion for the redaction or sealing of such Confidential Discovery Material.

11.  The Court retains discretion whether to afford confidential treatment to

any Discovery Material designated as "Confidential" and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

13.    Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases. Any documents or information designated as Confidential Material shall be treated as such unless and until the Court rules that such materials are not confidential.

13.    Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

14.    Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15.    Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other

compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

18. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

19. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

20. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and

shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

21. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

22. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

23. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

24. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

**REAVIS PAGE JUMP LLP**

_____
Helen D. Reavis
Alice K. Jump
Gregory P. Feit
41 Madison Avenue, 41st Floor
New York, NY 10010
Tel.: (212) 763-4100
hreavis@rpjlaw.com
ajump@rpjlaw.com
gfeit@rpjlaw.com

*Attorneys for Plaintiff Lauren F. Moore*

Dated: May 22, 2025

**MORGAN, LEWIS & BOCKIUS LLP**

_____
Michelle Seldin Silverman
Thomas A. Linthorst
August W. Heckman III
Marlie P. Blaise
502 Carnegie Center
Princeton, NJ 08540-6241
Tel.: (609) 919-6689
michelle.silverman@morganlewis.com
marlie.blaise@morganlewis.com
thomas.linthorst@morganlewis.com

*Attorneys for Defendants Johnson & Johnson and Vanessa Broadhurst*

Dated: May 22, 2025

**BLANK ROME LLP**

_____
Anthony B. Haller (pro hac vice)
Julia C. Riskowitz
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel.: (215) 569-5690
anthony.haller@blankrome.com
julia.riskowitz@blankrome.com

*Attorneys for Defendant Howard Reid*

Dated: May 23, 2025

Dated: May 30, 2025
       New York, New York

SO ORDERED.

_____
Honorable Dale E. Ho
United States District Judge