UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOORE, <br><br> Plaintiff, <br><br> v. <br><br> JOHNSON & JOHNSON et al., <br><br> Defendants. | 24-CV-6405 (DEH) <br><br> MEMORANDUM ORDER |

DALE E. HO, United States District Judge:

Currently before the Court are two Motions to Stay Discovery filed by Defendants Johnson & Johnson ("J&J"), Vanessa Broadhurst, and Howard Reid (collectively, "Defendants"). *See* Letter Mot. to Stay Discovery ("First Stay Motion"), ECF No. 36; Letter Mot. to Stay Discovery ("Second Stay Motion"), ECF No. 56. Plaintiff Lauren Moore filed this employment discrimination lawsuit after her employment at J&J was terminated, allegedly for reasons having to do with her race. *See* Compl. ¶¶ 3-15. She brings claims under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. *See id.* ¶ 1. Defendants responded to the Complaint by filing a motion to dismiss, arguing, *inter alia*, that this District is the improper venue for Moore's Title VII claims, that Moore fails to state a claim under NYSHRL and NYCHRL, and that this Court lacks personal jurisdiction over the defendants under Federal Rule of Civil Procedure 12(b)(2). *See* Defs.' Mem. of L. in Supp. of Joint Mot. to Dismiss, ECF No. 35.

Before the motion to dismiss was fully briefed, Defendants filed the First Stay Motion. ECF No. 36. After the motion to dismiss was fully briefed, Defendants filed the Second Stay Motion. ECF No. 56. While these stay motions have been pending adjudication by the Court, Defendants have diligently engaged in the exchange of discovery with Plaintiff. *See, e.g.*, Joint

Letter Mot. for Extension of Time to Complete Disc. ("Joint Letter") at 1, ECF No. 66 ("The parties have diligently pursued fact discovery thus far.").

"Although, in general, a motion to dismiss does not automatically stay discovery, upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to [Federal Rule of Civil Procedure] 26(c)." *Broccoli v. Ashworth*, No. 21 Civ. 6931, 2023 WL 6795232, at *1 (S.D.N.Y. Oct. 11, 2023) (quoting *K.A. v. City of New York*, No. 16 Civ. 4936, 2022 WL 3996710, at *2 (S.D.N.Y. Sept. 1, 2022)). "The party seeking the stay—here, defendants—must establish good cause for the stay." *K.A.*, 2022 WL 3996710, at *2. "In evaluating good cause, courts will consider: (1) the breadth of discovery sought (and the burden of responding to it), (2) the strength of the underlying motion, and (3) the risk of prejudice to the party opposing the stay." *Id.*

After closely reviewing the parties' submissions, the Court holds that a stay of discovery is warranted here. With respect to the first consideration, the breadth of discovery, the Court notes that "Plaintiff . . . produced documents on January 27, March 14, and May 20, 2025, totaling 550 pages, while Defendants . . . produced documents on February 18, February 26, April 11, and April 25, 2025, totaling 4,838 pages." Joint Letter at 1. These exchanges, responsive to the parties' respective first sets of interrogatories and requests for production, have required both parties to expend substantial time and effort. *See id.* at 1-2. The Court further notes that the parties have requested additional time to complete discovery based, in part, on there being additional productions as well as to resolve disputes that have arisen regarding depositions. *See* Joint Letter at 2. Given the burden on the parties, and particularly on Defendants, in responding to the discovery requests, the Court finds it prudent to defer the rest of discovery until the pending motion to dismiss is adjudicated.

Moreover, having reviewed Defendants' motion to dismiss, "it is clear to the Court that "the resolution of the pending motion to dismiss may dispose of the entire action." *Broccoli*, 2023 WL 6795232, at *2 (quoting *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22 Civ. 377, 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022). Defendants' "motion to dismiss raises several potentially viable defenses to the Complaint." *Negrete v. Citibank N.A.*, No. 15 Civ. 7250, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015). These arguments "are at least sufficient to establish that the Defendants have 'substantial arguments for dismissal of many, if not all, of the claims asserted." *Id.* (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)).

Finally, with respect to prejudice, Plaintiffs contend that they will be prejudiced if discovery is stayed because "[w]itnesses relocate, memories fade, and [they will be] unable to seek vindication or redress for indefinite periods of time on end." Letter Resp. in Opp'n to Mot. to Stay at 3, ECF No. 42 (citing *Conn. ex rel Blumenthal v. BPS Petroleum Distribs., Inc.*, 1991 WL 177657, at *2 (D. Conn. July 16, 1991)). This argument is somewhat availing insofar as Moore's allegations may be supported by witness deposition testimony. Nevertheless, in light of the burden on Defendants with respect to the production of discovery materials and the facial strength of Defendants' motion to dismiss, that Plaintiff may be prejudiced by a stay is insufficient to counsel against granting Defendants' Motions.

Therefore, for the reasons discussed above, Defendants' Motions to Stay Discovery are GRANTED. Discovery in this matter shall be stayed pending the Court's resolution of Defendants' motion to dismiss. The Clerk of Court is respectfully directed to terminate ECF Nos. 36 & 56.

SO ORDERED.

Dated: June 3, 2025
      New York, New York

                                             DALE E. HO
                                   United States District Judge